Parker C. J.
delivered the opinion of the Court. Upon the ground of variance between the evidence and the declara tian, the Court are of opinion that the verdict is wrong. . The demand sued relates to a certain quantity of pine timber ; the testimony of Merryman is, that the timber which he supposes Otis had of Robbins was, as he believed, spruce timber. Now, although this would not establish a variance, he speaking doubtfully, if the plaintiff had otherwise proved a sale and delivery of pine timber, yet as without the testimony of Merryman there would be no sufficient evidence of the sale and delivery of any timber, the defect in his testimony as to the kind of timber must operate to the disadvantage of the plaintiff. As far as the testimony of this witness proves the sale and delivery of any timber, it is of a kind different from that which is described in the plaintiff’s demand. As to the supposed identity of pine and spruce, we all think this cannot be maintained ; they are bought and sold as specifically different articles, and by the bills of Merryman accompanying his deposition, it appears there is a great difference in the price. The authorities cited by the defendant’s counsel are conclusive to show that a mis taken description of the article sold, as established by the ev" dence, is fatal to the right to recover.[1]
*378 As the sum in controversy is trifling, and the expense already incurred is great, it is proper further to state, that in the opinion of the Court there is no competent evidence to take the case out of the statute of limitations by a new promise, express or implied. There is certainly no express promise, and there is not evidence sufficient to prove an acknowledgment from which a promise would be implied. The defendant on all occasions denied that he had had the timber, and insisted that if he ever had, it had been paid for. The only equivocal circumstance is, that when told that the plaintiff could prove the delivery by Ellison, he replied that if Ellison said he had had it, and he had not paid for it, he would. A majority of the Court are of opinion, that this declaration could charge him only in case Ellison had sworn, or had said that he had surveyed the timber to the defendant, or had otherwise known of the delivery ; in other words, that this being a conditional promise, depending upon the evidence to be furnished by Ellison, or from his book, it cannot avail the plaintiff without his bringing himself within the terms of the promise.

New trial granted.

 See Goulding v. Skinner, ante, 162 -164, note (1).